IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN FRY, in his capacity as Liquidator of Land of Lincoln Mutual Health Insurance Company,<br><br>*Plaintiff,*<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES, et al.,<br><br>*Defendants.* | No. 19 CV 1320<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Fry[1] ("Liquidator"), in his capacity as Liquidator of Land of Lincoln Mutual Health Insurance Company, brings the instant suit against the Centers for Medicare & Medicaid Services ("CMS") and the United States of America. On its face, the Complaint seeks "Declaratory and Injunctive Relief" in the form of a court order deeming CMS's offset payment system unlawful. The parties have each filed dispositive motions, with the Liquidator moving for Summary Judgment and the United States filing a Motion to Dismiss for lack of jurisdiction and failure to state a claim. The parties are no strangers to litigation or to this Court. The Liquidator originally filed suit in the Circuit Court of Cook County and the United States responded by removing the action to this Court. After the Liquidator appealed

---

[1] Since the filing of this suit, Robert H. Muriel has been named the Acting Director of the Illinois Department of Insurance and serves as the Liquidator of Land of Lincoln Mutual Health Insurance Company.

the Court's decision to remand and the Seventh Circuit reversed, he filed this action[2]. The present Complaint claims jurisdiction is proper under the Administrative Procedure Act. Despite the form of the Complaint, the substance of the relief the Liquidator ultimately seeks renders this Court without jurisdiction. Accordingly, the Government's Motion to Dismiss for lack of subject-matter jurisdiction is granted and the Liquidator's Motion for Summary Judgment is dismissed as moot.

## BACKGROUND

The Court accepts the Complaint's well-pleaded facts as true and draws all reasonable inferences in the Liquidator's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). A brief recitation of the factual and procedural background is documented below as the Court is familiar with the relevant facts through the related case, *Dowling v. United States Dep't of Health & Human Servs.* 325 F. Supp. 3d 884, 888 (N.D. Ill. July 2, 2018).

Land of Lincoln is a former Illinois health care insurer that became insolvent in 2016. (Dkt. 1, ¶ 1). Prior to its insolvency, Land of Lincoln offered health insurance plans on the Illinois Insurance Exchange for three years pursuant to the Patient Protection and Affordable Care Act ("ACA"). (*Id.* at ¶ 6). As part of the ACA statutory structure, Land of Lincoln participated in three risk mitigation programs—the Risk

---

[2] The parties initially litigated this matter in the case captioned *Dowling v. United States Dep't of Health and Human Services* (17-cv-00494). After this Court granted the Liquidator's motion to remand and denied the Government's motion for reconsideration, the Seventh Circuit reversed the Court's ruling and remanded the case to the district court for further proceedings. At a subsequent status hearing, the Liquidator indicated that he would be filing a new complaint and was instructed to file an Amended Complaint by February 22, 2019. *See Dowling* (17-cv-00494, Dkt. 67). Instead of filing an Amended Complaint in the *Dowling* matter, the Liquidator initiated a new civil action, the case number presently before the Court. Then, the Liquidator filed a motion on the *Dowling* docket to reassign the case based on relatedness. *See Dowling* (17-cv-00494, Dkt. 68). The Government did not oppose this motion. *See Dowling* (17-cv-00494, Dkt. 70). The Court's rulings within apply to both the *Dowling* and *Fry* matters.

Adjustment Program, the Reinsurance Program, and the Risk Corridor Program. (*Id.* at ¶ 7). Funds related to these programs flowed between the government and health insurers, including Land of Lincoln. (*Id.*). CMS has engaged in a practice of offsetting payments to Land of Lincoln against debts owed by Land of Lincoln to CMS since at least July 2016. (*Id.* at ¶ 36). At the time of the filing of this Complaint, CMS had offset $27 million. (*Id.* at ¶ 39).

Land of Lincoln failed financially and entered state rehabilitation proceedings on July 14, 2016 (*Id.* at ¶ 37), liquidation proceedings on September 29, 2016 (*Id.* at ¶ 42), and ceased operations completely on October 1, 2016 (*Id.*). In December of 2016, the Liquidator filed a motion in the state court liquidation proceedings seeking an order that CMS's practice of offsetting of payments was unlawful. (*Id.* at ¶ 43). CMS removed the matter to this Court. (*Id.*). The case was ultimately remanded, and the Court denied CMS's motion for reconsideration. (*Id.* at ¶¶ 44-45). On appeal, the Seventh Circuit found that this Court construed its removal jurisdiction too narrowly and remanded for further proceedings. *Hammer v. United States Dep't of Health & Human Servs.,* 905 F.3d 517, 536 (7th Cir. 2018). As a result, the Liquidator filed the instant action on February 22, 2019. (Dkt. 1).

## **LEGAL STANDARD**

In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff must carry his burden of establishing that jurisdiction is proper. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell,* 770 F.3d 586, 588-89 (7th Cir. 2014). "Federal courts are courts of limited jurisdiction. They

possess only that power authorized by Constitution and statute, … which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). To determine whether jurisdiction exists, the court turns to the complaint along with evidence outside of the pleadings. *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 444 (7th Cir. 2009). A court lacking subject-matter jurisdiction must dismiss the action without proceeding to the merits. *Intec USA, LLC v. Engle,* 467 F.3d 1038, 1041 (7th Cir. 2006).

## **DISCUSSION**

**I. Sovereign Immunity and the Administrative Procedure Act**

As a general matter, the United States is immune from suit except in cases where it has explicitly waived that immunity. *Hercules, Inc., v. United States,* 516 U.S. 417, 422 (1996). Any alleged waiver of sovereign immunity must be explicit and cannot be implied or based upon a strained parsing of statutory text. *F.A.A. v. Cooper,* 566 U.S. 284, 290 (2012) ("We have said on many occasions that a waiver of sovereign immunity must be 'unequivocally expressed' in statutory text."). In line with this, waivers are to be strictly construed "so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires." *Id.* By its very nature, sovereign immunity operates to set the bounds of the court's jurisdiction to hear matters against the United States. *See United States v. Mitchell,* 463 U.S. 206, 212 (1983); *In re Price,* 42 F.3d 1068, 1071 (7th Cir. 1994).

The Liquidator proceeds under a theory that the United States has waived its sovereign immunity under the Administrative Procedure Act. (Dkt. 21, pg. 4). Two

provisions of the APA are at play when considering sovereign immunity. § 702 provides:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided,* That any mandatory or injunctive decree shall specify the Federal officer or officers (by name of by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

5 U.S.C. § 702 (emphasis in original). Essentially, "§ 702 waives sovereign immunity only with respect to relief 'other than money damages'." *Builders NAB LLC v. Fed. Deposit Ins. Corp.,* 922 F.3d 775, 777 (7th Cir. 2019). Further narrowing jurisdiction, waiver pursuant to the APA is limited to scenarios where there is no other adequate remedy. 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). Importantly, the limitations on waiver "function in the disjunctive; the application of any one is enough to deny a district court jurisdiction under the APA." *Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urban Dev.,* 480 F.3d 1116, 1126 (Fed. Cir. 2007); *see also Greenleaf Ltd. P'ship v. Illinois Hous. Dev. Auth.,* 2013 WL 4782017, at *3 (N.D. Ill. Sept. 6, 2013).

Before delving deeper into the question of subject-matter jurisdiction and the Government's sovereign immunity, it is worth noting, and dispensing with, the Liquidator's position that the Seventh Circuit has already directly addressed and resolved the sovereign immunity issue. The liquidator repeatedly suggests, both in his Complaint and in response to the Government's Motion to Dismiss "that the Seventh Circuit already addressed federal district court jurisdiction in *Hammer v. HHS*." (Dkt. 21, pg. 7); *see also* (Dkt. 1, ¶¶ 46-49). This is a strained characterization of the court's actual holding. The court's ruling was limited to the fact that "the district court construed its removal jurisdiction too narrowly and erred in abstaining." *Hammer v. United States Dep't of Health & Human Servs.,* 905 F.3d 517, 536 (7th Cir. 2018), <u>reh'g denied</u> (Nov. 21, 2018). Rather than answer whether sovereign immunity was a sound defense, the court wrote that "HHS has a plausible argument for sovereign immunity" and explicitly "[left] to the district court the final evaluation of the defense." *Id.* at 536. The applicability of the Government's sovereign immunity defense is still an open question reserved for this Court to decide.

**II. The Tucker Act Provides an Adequate Remedy for the Liquidator's Injury**

Determining whether an alternative adequate remedy exists for the Liquidator is the preferred starting point in analyzing the subject-matter jurisdiction inquiry. One frequent example of alternate adequate relief is seen in the form of the Tucker Act. *Bowen v. Massachusetts,* 487 U.S. 879, 900 n.31 (1988) ("[S]uits under the Tucker Act in the Claims Court offer precisely the sort of 'special and adequate review procedures' that § 704 requires to direct litigation away from the district courts.").

The Government has expressly waived its sovereign immunity for matters arising under the Tucker Act when certain factors are met. 28 U.S.C. § 1491. "Under the Tucker Act … jurisdiction over constitutional claims against the government for monetary relief in excess of $10,000 lies *only* in the Court of Federal Claims." *Sutton v. United States,* 597 Fed.Appx. 890, 891 (7th Cir. 2015) (emphasis added); *see also Mitchell,* 463 U.S. at 212. "The availability of an action for money damages under the Tucker Act or Little Tucker Act is presumptively an 'adequate remedy' for § 704 purposes." *Telecare Corp. v. Leavitt,* 409 F.3d 1345, 1349 (Fed. Cir. 2005).

If a lawsuit is ultimately a claim for money damages and relief can be obtained in the Court of Federal Claims, § 704 serves as a bar to federal district court jurisdiction. *See Suburban,* 480 F.3d at 1125. The Court need not take the plaintiff's stated relief at face value and rely solely on the remedy proposed in the Complaint. Rather, in an effort to prevent forum shopping and protect its own limited jurisdiction, the court must consider the actual relief sought. *See Veluchamy v. F.D.I.C.,* 706 F.3d 810, 815-16 (7th Cir. 2013) ([E]ven if a plaintiff does not specifically ask for a direct cash payment, the plaintiff may still be seeking 'money damages' if the relief sought is 'merely a means to the end of satisfying a claim for the recovery of money.'") (quoting *Dep't of Army v. Blue Fox, Inc.,* 525 U.S. 255, 262 (1999); *see also Consol. Edison Co. of New York v. United States Dep't of Energy,* 247 F.3d 1378, 1385 (Fed. Cir. 2001) ("This court and its sister circuits will not tolerate a litigant's attempt to artfully recast its complaint to circumvent the jurisdiction of the Court of Federal Claims."); *Marshall Leasing, Inc. v. United States,* 893 F.2d 1096, 1099 (9th Cir. 1990)

("A party may not avoid the Claims Court's jurisdiction by framing an action against the federal government that appears to seek only equitable relief when the party's real effort is to obtain damages in excess of $10,000.").

Recently, three district courts faced nearly identical circumstances in the context of payment offsets under the ACA and whether the Government had waived its sovereign immunity. All three failed to reach the merits. Instead they held that the relief plaintiffs sought could be obtained in the Court of Federal Claims and jurisdiction was not proper in the district court. *See e.g., Farmer v. United States,* 2018 WL 1365797 (D.S.C. Mar. 16, 2018); *Richardson v. United States Dep't of Health & Human Servs.,* 2018 WL 1569772 (D. Nev. Mar. 30, 2018); *Gerhart v. United States Dep't of Health & Human Servs.,* 242 F. Supp. 3d 806 (S.D. Iowa 2017), <u>appeal dismissed sub nom.</u> *Ommen v. United States Dep't of Health & Human Servs.,* 2017 WL 4477118 (8th Cir. June 12, 2017). While there is no dispute that these district court opinions are not precedential to the instant matter, they are certainly instructive given the striking factual and legal similarities. In *Farmer,* the plaintiff fashioned the complaint in a manner seeking equitable relief stating that the government's offset actions were unlawful and therefore should be enjoined. The district court, with an eye towards "substance over form" of the pleadings, held that "the liquidators are actually requesting a money judgment from the government" and granted the government's motion to dismiss for lack of jurisdiction. *Farmer,* 2018 WL 1365797, at *6, 10. Similarly, the plaintiffs in *Gerhart* "assert[ed] HHS' decisions to hold, net, reduce or setoff CoOpportunity's funds [was] arbitrary, capricious,

improper, and exceeds HHS' jurisdiction." *Gerhart,* 242 F. Supp. 3d at 812. There, the court went on to find that the relief plaintiffs sought was discreet and limited to a completed injury—the offsetting of funds. The court also noted that if it were to deem the offsetting unlawful, it "would also result in the payment of money from HHS to the Liquidators", making district court jurisdiction inappropriate. *Id.* at 815.

Much like the plaintiffs in *Farmer, Richardson,* and *Gerhart,* the Liquidator here purports to seek equitable relief from the allegedly unlawful offsets. "Director Fry prays for declaratory and injunctive relief including the following: (a) A declaration that CMS's unilateral set-offs of the payments owed to Land of Lincoln under the ACA were unlawful. (b) An order enjoining Defendants from engaging in unlawful set-offs." (Dkt. 1, ¶ 59). However, the Liquidator's own characterization of his Complaint does not end the inquiry. *Veluchamy,* 706 F.3d at 815-16. Though the Complaint does not explicitly seek cash payment from the Government, "the relief sought is 'merely a means to the end of satisfying a claim for the recovery of money.'" *Id.* at 816 (quoting *Blue Fox,* 525 U.S. at 262). For example, in *Blue Fox* the plaintiff sought relief in the form of an equitable lien. "Though the equitable lien was not itself cash, the Supreme Court unanimously found this to be a request for money damages because the lien's 'goal [was] to seize or attach money in the hands of the Government as compensation for the loss resulting from the default of the prime contractor.'" *Veluchamy,* 706 F.3d at 816 (quoting *Blue Fox,* 525 U.S. at 263).

Here, the Liquidator represents a now defunct insurer challenging the Government's past use of offsetting and netting payments against the debts it owed.

As a result, the relief he seeks is necessarily retroactive and fixed. No amount of finessing the language in the Complaint can change the fact that there is no ongoing Government practice of offsetting that will affect the Liquidator or Land of Lincoln. And though couched in terms of "declaratory and injunctive" relief, the conclusion that the Liquidator ultimately seeks to obtain cash payment of the $27 million in offsets is inescapable and improper. "[C]ompensation for a completed injury is usually understood to be a form of damages"—outside of the APA's waiver. *Builders,* 922 F.3d at 777. Seeing that the true relief the Liquidator seeks is the reimbursement of money now in the hands of the Government, the Court of Federal Claims provides the proper forum and adequate relief.[3] *See Blue Fox,* 525 U.S. at 263; *Veluchamy,* 706 F.3d at 816.

The Liquidator would have this Court's analysis begin and end with the Supreme Court's decision in *Bowen*. There, "[t]he principal question presented … [was] whether a federal district court has jurisdiction to review a final order of the Secretary of Health and Human Services refusing to reimburse a State for a category of expenditures under its Medicaid program." *Bowen,* 487 U.S. at 882. The Court answered that question in the affirmative. However, two key factors distinguish the instant case from *Bowen*—a lack of a complex, ongoing relationship between the

---

[3] Not that it is a concern in this particular matter, given that Land of Lincoln is no longer in operation, but money damages in the Court of Federal Claims are also adequate in the sense that resolution in that court can also serve to prevent further unlawful actions through the doctrine of res judicata. *See e.g., McBride Cotton & Cattle Corp. v. Veneman,* 116 Fed.Appx. 89, 91 (9th Cir. 2004)("These claims are not expressed as claims for money damages, but we conclude that adequate relief exists in the Court of Federal Claims and that APA jurisdiction is not available. In the event of success, [the plaintiff] could receive a refund of all unauthorized [offsets] and the [Government] would be prohibited from [offsetting] further payments under the principle of res judicata."); *Consol. Edison,* 247 F.3d at 1385.

Liquidator And CMS and that the *Bowen* plaintiff sought relief from wrongful future conduct. The *Bowen* Court, along with those courts interpreting its decision, focused on the "rather complex" and "*ongoing* relationship between the parties." *Id.* at 905 (emphasis added); *Suburban,* 480 F.3d at 1127 ("[A]s we have noted elsewhere, *Bowen* turned on the complexity of the continuous relationship between the federal and state governments administering the Medicaid program.") (internal quotations omitted). *Bowen* presented facts where the parties were engaged in a long term relationship that involved past and *future* obligations. Here, the Liquidator contests improper offsets over a span of just three years. There is no threat of this universe of improper offsets expanding due to the fact that Land of Lincoln is no longer in business. *See e.g., Builders Bank v. Fed. Deposit Ins. Corp.,* 2018 WL 1561722, at *3 (N.D. Ill. Mar. 30, 2018), aff'd as modified sub nom, *Builders NAB LLC v. Fed. Deposit Ins. Corp.,* 922 F.3d 775 (7th Cir. 2019) ("Underscoring that the primary objective here is monetary relief is the fact that Builders Bank *no longer exists*.") (emphasis added). Consequently, the payment the Liquidator seeks is solely retrospective in nature. Relief for a completed injury is adequately compensated through money damages, and in this case those money damages can be obtained in the Court of Federal Claims. *See Sutton,* 597 F. App'x at 891 ("Requests for such monetary damages must be brought in the United States Court of Federal Claims."); *Builders,* 922 F.3d at 777.

## CONCLUSION

For the reasons stated above, the United States has not waived its sovereign immunity and consequently this Court does not have subject-matter jurisdiction over

the instant matter. The Government's Motion to Dismiss is granted and the Liquidator's Complaint is dismissed with prejudice. (Dkt. 17). Unable to reach the underlying merits, the Court dismisses the Liquidator's Motion for Summary Judgment as moot. (Dkt. 13). Accordingly, the matter is closed, along with the related case, *Dowling v. United States Dep't of Health and Human Services* (17-cv-00494).

 _____
 Virginia M. Kendall
 United States District Judge

Date: August 13, 2019